UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHEN GRAY, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>  v.<br><br>CITIGROUP INC., CHARLES PRINCE, THE PLANS ADMINISTRATIVE COMMITTEE OF CITIGROUP INC., THE 401(k) INVESTMENT COMMITTEE, and JOHN DOES 1 - 20,<br><br>     Defendants. | Civil Action No: 07 Civ. 9790 (SHS) (DCF) |
| SHAUN ROSE, Individually and On Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br>  v.<br><br>CITIGROUP INC., CHARLES PRINCE, THE PLANS ADMINISTRATIVE COMMITTEE OF CITIGROUP INC., THE 401(k) INVESTMENT COMMITTEE, and JOHN DOES 1 - 10,<br><br>     Defendants. | Civil Action No: 07 Civ. 10294 (DC) |
| MEREDITH TRANBERG, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>  v.<br><br>CITIGROUP INC., CHARLES PRINCE, THE PLANS ADMINISTRATIVE COMMITTEE OF CITIGROUP INC., THE 401(k) INVESTMENT COMMITTEE, and JOHN DOES 1 - 20,<br><br>     Defendants. | Civil Action No: 07 Civ. 10341 (UA) |

| | |
|---|---|
| ANTON RAPPOLD, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>    v.<br><br>CITIGROUP INC., CITIBANK, N.A., CHARLES PRINCE, THE PLANS ADMINISTRATIVE COMMITTEE OF CITIGROUP INC., THE 401(k) INVESTMENT COMMITTEE, and JOHN and JANE DOES 1 - 10,<br><br>                Defendants. | Civil Action No: 07 Civ. 10396 (UA) |
| SAMIER TADROS, on Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>    v.<br><br>CITIGROUP INC., CHARLES O. PRINCE, C. MICHAEL ARMSTRONG, ALAIN J.P. BELDA, GEORGE DAVID, KENNETH T. DERR, JOHN M. DEUTCH, ROBERTO HERNANDEZ RAMIREZ, ANN DIBBLE JORDAN, KLAUS KLEINFELD, ANDREW N. LIVERIS, ANNE MULCAHY, RICHARD D. PARSONS, JUDITH RODIN, ROBERT E. RUBIN, ROBERT E. RUBIN, FRANKLIN A. THOMAS, JOHN DOES 1-20 (BEING CURRENT AND FORMER MEMBERS OF THE PLANS ADMINISTRATIVE COMMITTEE OF CITIGROUP INC.) and JOHN DOES 21-40 (BEING CURRENT AND FORMER MEMBERS OF THE INVESTMENT COMMITTEE OF THE CITIGROUP INC. 401(K) PLAN),<br><br>                Defendants. | Civil Action No: 07 Civ. 10442 (UA) |
| STEPHAN FIORINO, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>    v.<br><br>CITIGROUP INC., CITIBANK N.A., CHARLES PRINCE, THE PLANS ADMINISTRATIVE COMMITTEE OF CITIGROUP INC., THE 401(k) INVESTMENT COMMITTEE, and JOHN DOES 1 - 20,<br><br>                Defendants. | Civil Action No: 07 Civ. 10458 (UA) |

| | |
|---|---|
| JAMES BOLLA, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>  v.<br><br>CITIGROUP INC., CITIBANK N.A., CHARLES PRINCE, THE PLANS ADMINISTRATIVE COMMITTEE OF CITIGROUP INC., THE 401(k) INVESTMENT COMMITTEE, and JOHN DOES 1 - 20,<br><br>      Defendants. | Civil Action No: 07 Civ. 10461 (UA) |
| MARK GEROULO, individually, on behalf of the CITIGROUP 401(k) Plan, the CITIBUILDER 401 (K) PLAN FOR PUERTO RICO, and all others similarly,<br><br>      Plaintiff,<br><br>  v.<br><br>CITIGROUP, INC., CITIBANK, N.A., THE PLAN ADMINISTRATIVE COMMITTEE OF CITIGROUP, INC., MICHAEL E. SCHLEIN, JOHN DOES 1-10, THE CITIGROUP 401(k) PLAN INVESTMENT COMMITTEE and JOHN DOES 10-20, C. MICHAEL ARMSTRONG, ALAIN J.P. BELDA, GEORGE DAVID, KENNETH T. DERR, JOHN M. DEUTCH, ROBERTO HERNANDEZ, ANN DIBBLE JORDAN, ANDREW N. LIVERIS, DUDLEY C. MECUM, ANNE M. MULCAHY, RICHARD D. PARSONS, ANDRALL E. PEARSON, CHARLES PRINCE, JUDITH RODIN, ROBERT E. RUBIN, FRANKLIN A. THOMAS, SANFORD I. WEILL,<br><br>      Defendants. | Civil Action No: 07 Civ. 10472 (UA) |

**_GRAY_ AND _TADROS_ PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR (1) CONSOLIDATION (2) APPOINTMENT OF LEAD PLAINTIFFS AND LEADERSHIP STRUCTURE AND (3) ENTRY OF [PROPOSED] PRETRIAL ORDER NO. 1**

PLEASE TAKE NOTICE that Plaintiffs Stephen Gray, Samier Tadros, and James Bolla ("*Gray* Plaintiffs") will appear before the Honorable Sidney H. Stein in the courtroom usually occupied by him in the United States District Court, Southern District of New York, on December 20, 2007 at 10:00 a.m., and then and there respectfully move this Court to enter the attached [Proposed] Pretrial Order No. 1, and in support of this Motion aver as follows:

1. Plaintiffs in the above-referenced actions filed complaints against Citigroup Inc., ("Citigroup" or the "Company") and certain officers and directors of the Company, as well as other fiduciaries of the Citigroup 401(k) Plan, and the Citibuilder 401(k) Plan for Puerto Rico (the "Plans"), 401(k) plans established as a benefit for Citigroup's employees (these cases are collectively referred to herein as the "ERISA cases"). The ERISA cases were filed on behalf of the plaintiffs individually and a class of all persons who were participants in or beneficiaries of the Plans during a defined period. The *Gray* Plaintiffs are aware of no other ERISA actions, other than those above-captioned, arising out of the same operative facts pending in this or any other judicial district.

2. In their complaints, plaintiffs allege that defendants breached their fiduciary duties to plaintiffs and members of the class in connection with the Plans' investment in Citigroup stock, including, *inter alia*, by failing to properly monitor Citigroup stock as a Plan retirement investment alternative and failing to advise plaintiffs and members of the class that Citigroup stock was an imprudent retirement investment alternative, due to Citigroup's high-risk business practices and massive exposure to the subprime mortgage market and structured investment vehicles ("SIVs").

3. The *Gray* Plaintiffs seek relief pursuant to Sections 409 and 502(a)(2) and (3) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§409 and 1132(a)(2) and

(3), on the behalf of the Plans. Plaintiffs allege, *inter alia*, that defendants are responsible for restoring losses sustained by the Plans as a result of defendants' breaches of their fiduciary duties.

4. The *Gray* Plaintiffs respectfully move the Court for an Order formally consolidating the ERISA actions and setting forth procedures for the efficient management of these cases, including the appointment of a leadership structure of lead plaintiffs and class counsel.

5. Because the above-captioned actions contain similar allegations and seek the same relief on behalf of an identical class (i.e. participants in the Plans), it is appropriate, in accordance with the *Manual for Complex Litigation, Fourth Edition* (2004) (the "*Manual*"), for the Court to enter an order setting forth procedures for the management of these cases, and appointing a leadership structure for lead plaintiffs and lead class counsel.

6. In accordance with the recommendations of the *Manual*, *Gray* plaintiffs submit for the Court's consideration a proposed form of Pretrial Order No. 1 which provides for: (1) the consolidation of the above-captioned actions and actions subsequently filed in or transferred to this District; (2) the designation of a Master File Docket number; (3) the establishment of efficient procedures for the filing and docketing of papers with the Clerk of this Court; (4) the appointment of the *Gray* Plaintiffs as interim lead plaintiffs; (5) the appointment of Wolf Popper LLP and Harwood Feffer LLP as Interim Co-Lead Counsel for the Plaintiffs; and (6) a preliminary schedule for these proceedings.

7. This Motion is based on the enclosed Order, the accompanying Memorandum of Law, two Declarations, and all papers and pleadings in the above-captioned actions.

Dated: New York, New York
November 26, 2007

Respectfully submitted,

By: /s/ Marian Rosner
Marian P. Rosner (MR-0410)
Robert C. Finkel (RF-2373)
Andrew E. Lencyk (AL-4329)
**WOLF POPPER LLP**
845 Third Avenue
New York, New York 10022
Tel. (212) 759.4600

By: /s/ Robert Harwood
Robert I. Harwood, Esq. (RH-3286)
Daniella Quitt, Esq. (DQ-1963)
Samuel K Rosen (SR-3287)
**HARWOOD FEFFER LLP**
488 Madison Avenue
New York, New York 10022
Telephone: (212) 935-7400
Facsimile: (212) 753-3630

**Proposed Co-Lead Counsel for Plaintiffs**

3

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHEN GRAY, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>  v.<br><br>CITIGROUP INC., CHARLES PRINCE, THE PLANS ADMINISTRATIVE COMMITTEE OF CITIGROUP INC., THE 401(k) INVESTMENT COMMITTEE, and JOHN DOES 1 - 20,<br><br>      Defendants. | Civil Action No: 07 Civ. 9790 (SHS) (DCF) |
| SHAUN ROSE, Individually and On Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>  v.<br><br>CITIGROUP INC., CHARLES PRINCE, THE PLANS ADMINISTRATIVE COMMITTEE OF CITIGROUP INC., THE 401(k) INVESTMENT COMMITTEE, and JOHN DOES 1 - 10,<br><br>      Defendants. | Civil Action No: 07 Civ. 10294 (DC) |
| MEREDITH TRANBERG, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>  v.<br><br>CITIGROUP INC., CHARLES PRINCE, THE PLANS ADMINISTRATIVE COMMITTEE OF CITIGROUP INC., THE 401(k) INVESTMENT COMMITTEE, and JOHN DOES 1 - 20,<br><br>      Defendants. | Civil Action No: 07 Civ. 10341 (UA) |

| | |
|---|---|
| ANTON RAPPOLD, individually and on behalf of all others similarly situated,<br><br>                              Plaintiff,<br><br>    v.<br><br>CITIGROUP INC., CITIBANK, N.A.., CHARLES PRINCE, THE PLANS ADMINISTRATIVE COMMITTEE OF CITIGROUP INC., THE 401(k) INVESTMENT COMMITTEE, and JOHN and JANE DOES 1 - 10,<br><br>                              Defendants. | Civil Action No: 07 Civ. 10396 (UA) |
| SAMIER TADROS, on Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>    v.<br><br>CITIGROUP INC., CHARLES O. PRINCE, C. MICHAEL ARMSTRONG, ALAIN J.P. BELDA, GEORGE DAVID, KENNETH T. DERR, JOHN M. DEUTCH, ROBERTO HERNANDEZ RAMIREZ, ANN DIBBLE JORDAN, KLAUS KLEINFELD, ANDREW N. LIVERIS, ANNE MULCAHY, RICHARD D. PARSONS, JUDITH RODIN, ROBERT E. RUBIN, ROBERT E. RUBIN, FRANKLIN A. THOMAS, JOHN DOES 1-20 (BEING CURRENT AND FORMER MEMBERS OF THE PLANS ADMINISTRATIVE COMMITTEE OF CITIGROUP INC.) and JOHN DOES 21-40 (BEING CURRENT AND FORMER MEMBERS OF THE INVESTMENT COMMITTEE OF THE CITIGROUP INC. 401(K) PLAN),<br><br>                              Defendants. | Civil Action No: 07 Civ. 10442 (UA) |
| STEPHAN FIORINO, individually and on behalf of all others similarly situated,<br><br>                              Plaintiff,<br><br>    v.<br><br>CITIGROUP INC., CITIBANK N.A., CHARLES PRINCE, THE PLANS ADMINISTRATIVE COMMITTEE OF CITIGROUP INC., THE 401(k) INVESTMENT COMMITTEE, and JOHN DOES 1 - 20,<br><br>                              Defendants. | Civil Action No: 07 Civ. 10458 (UA) |

| | |
|---|---|
| JAMES BOLLA, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br> v.<br><br>CITIGROUP INC., CITIBANK N.A., CHARLES PRINCE, THE PLANS ADMINISTRATIVE COMMITTEE OF CITIGROUP INC., THE 401(k) INVESTMENT COMMITTEE, and JOHN DOES 1 - 20,<br><br>      Defendants. | Civil Action No: 07 Civ. 10461 (UA) |
| MARK GEROULO, individually, on behalf of the CITIGROUP 401(k) Plan, the CITIBUILDER 401 (K) PLAN FOR PUERTO RICO, and all others similarly,<br><br>      Plaintiff,<br><br> v.<br><br>CITIGROUP, INC., CITIBANK, N.A., THE PLAN ADMINISTRATIVE COMMITTEE OF CITIGROUP, INC., MICHAEL E. SCHLEIN, JOHN DOES 1-10, THE CITIGROUP 401(k) PLAN INVESTMENT COMMITTEE and JOHN DOES 10-20, C. MICHAEL ARMSTRONG, ALAIN J.P. BELDA, GEORGE DAVID, KENNETH T. DERR, JOHN M. DEUTCH, ROBERTO HERNANDEZ, ANN DIBBLE JORDAN, ANDREW N. LIVERIS, DUDLEY C. MECUM, ANNE M. MULCAHY, RICHARD D. PARSONS, ANDRALL E. PEARSON, CHARLES PRINCE, JUDITH RODIN, ROBERT E. RUBIN, FRANKLIN A. THOMAS, SANFORD I. WEILL,<br><br>      Defendants. | Civil Action No: 07 Civ. 10472 (UA) |

**_GRAY_ AND _TADROS_ PLAINTIFFS' [PROPOSED] PRETRIAL ORDER NO. 1 CONSOLIDATING ACTIONS, APPOINTING INTERIM LEAD PLAINTIFFS, AND ESTABLISHING INTERIM LEADERSHIP STRUCTURE**

WHEREAS, the above-referenced actions allege breaches of fiduciary duties in violation of the Employee Retirement Income Security Act ("ERISA") involving the Citigroup 401(k) Plan, and the Citibuilder 401(k) Plan for Puerto Rico (the "Plans"), retirement plans established as a benefit for Citigroups's employees (collectively, the "ERISA actions"), and such actions involve common questions of law and fact;

WHEREAS, appointment of interim Lead Plaintiffs and Lead Counsel is appropriate and consistent with the recommendations of the *Manual for Complex Litigation* (4th ed. 2004) and Fed. R. Civ. P. 23(g)(2);

NOW, THEREFORE, THE COURT ORDERS as follows:

### I. CONSOLIDATION OF RELATED ACTIONS

The above-captioned ERISA actions and any action arising out of the same operative facts now pending or hereafter filed in or transferred to this Court are hereby consolidated pursuant to Fed. R. Civ. P. 42(a) ("Consolidated Action"). They shall be referred to collectively as *In re Citigroup ERISA Litigation*, Master File No. 07-cv-9790.

### II. CAPTION OF CASES

Every pleading filed in the Consolidated Action shall bear the following caption:

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE CITIGROUP ERISA LITIGATION | MASTER FILE NO.: 07-cv-9790 |
| THIS DOCUMENT RELATES TO: | |

When a pleading or other court paper filed in the Consolidated Action is intended to apply to all actions therein, the words "All Actions" shall appear immediately after the words

1

"THIS DOCUMENT RELATES TO:" in the caption set out above. When a pleading or other court paper is intended to be applicable to less than all such actions, the party filing the document shall indicate, immediately after the words "THIS DOCUMENT RELATES TO:" the action(s) to which the document is intended to be applicable by last name of the plaintiff(s) and the docket number(s).

### III. MASTER DOCKET

A Master Docket is hereby established for the Consolidated Action, including actions subsequently consolidated herein pursuant to this Order. Entries in said Master Docket shall be applicable to the Consolidated Action, and entries shall be made therein in accordance with the regular procedures of the Clerk of this Court, except as modified by this Order.

When a pleading is filed and the caption, pursuant to this Order, shows that it is applicable to "All Actions," the Clerk shall file such pleading in the Master File and note such filing in the Master Docket. No further copies need be filed nor other docket entries made.

When a paper is filed and the caption shows that it is applicable to fewer than All Actions, the Clerk shall file the original of the paper in the Master File and a copy in the file of each separate action to which it applies and shall note such filing in the Master Docket and in the docket of each separate action. The party filing such paper shall supply the Clerk with sufficient copies of any such paper to permit compliance with this paragraph.

### IV. MASTER FILE AND SEPARATE ACTION FILES

A Master File is hereby established for the consolidated proceedings in the Consolidated Action. The Master File shall be Civil Action No. 07-cv-9790. The original of this Order shall be filed by the Clerk in the Master File herein established.

The Clerk shall maintain a separate file for each action consolidated herein and filings shall be made in accordance with the regular procedures of the Clerk of this Court, except as modified by this Order. The Clerk shall file a copy of this Order in each such separate file. The Clerk shall mail a copy of this Order to counsel of record in each of the actions consolidated herein.

## V. NEWLY FILED OR TRANSFERRED ACTIONS

When a case that arises out of the same operative facts as the Consolidated Action is hereinafter filed in or transferred to this Court, it shall be consolidated as provided in Section I above and the Clerk of this Court shall:

(a) File a copy of this Order in the separate file for such action;

(b) Mail a copy of this Order to the attorneys for the plaintiff(s) in the newly-filed or transferred case and to any new defendant(s) in the newly-filed or transferred case; and

(c) Make the appropriate entry in the Master Docket.

The Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case that might properly be consolidated as part of this litigation.

## VI. APPLICATION OF THIS ORDER TO SUBSEQUENT CASES

This Order shall apply to each class action assigned to the undersigned alleging claims similar to those set forth in these actions and brought on behalf of participants in or beneficiaries of the Plans (as defined above).

3

This Order shall apply to each such case which is subsequently filed in or transferred to this Court, and which is assigned to the undersigned, unless a party objecting to the consolidation of that case or to any other provision of this Order serves an application for relief from this Order or from any of its provisions within ten (10) days after the date on which the Clerk mails a copy of this Order to the counsel of that party. The provisions of this Order shall apply to such action pending the Court's ruling on the application.

Unless a plaintiff in a subsequently filed or transferred case is permitted by the Court to use a separate complaint, defendants shall not be required to answer, plead or otherwise move with respect to that complaint. If a plaintiff in any such case is permitted to use a separate complaint, each defendant shall have thirty (30) days from the date the Court grants such permission within which to answer, plead or otherwise move with respect to that complaint.

### VII. APPOINTMENT OF INTERIM LEAD PLAINTIFFS

The Court appoints Plaintiffs Stephen Gray, Samier Tadros, and James Bolla as Interim Lead Plaintiffs in the above-captioned actions and all subsequently filed, related actions consolidated herewith. The Court shall make a final determination regarding the identity of Lead Plaintiffs/Class Representatives on Plaintiffs' motion for class certification, or otherwise as the Court deems necessary and appropriate. The interim Lead Counsel as identified below may identify different or additional Lead Plaintiffs/Class Representatives at such time as they move for class certification in this litigation.

4

## VIII. APPOINTMENT OF CO-LEAD COUNSEL

The Court designates the following to act as interim Co-Lead Counsel for the Plaintiffs in the above-captioned actions and all subsequently filed, related actions consolidated herewith, with the responsibilities hereinafter described:

Marian P. Rosner
**Wolf Popper LLP**

Robert I. Harwood
**Harwood Feffer LLP**

The Lead Counsel shall have the authority over the following matters on behalf of all plaintiffs in the Consolidated Action in consultation with Lead Plaintiffs:

> (a) directing, coordinating, and supervising the prosecution of plaintiffs' claims in the Consolidated Action;
>
> (b) appointing working committees of plaintiffs' counsel who will (1) assist in the conduct of the litigation, and (2) consult with the Lead Counsel on all litigation matters and the performance of such work assignments as are delegated to them by Lead Counsel;
>
> (c) retaining experts;
>
> (d) communicating with the court;
>
> (e) communicating with defense counsel;
>
> (f) conducting settlement negotiations;
>
> (g) collecting and reviewing time and expense records from all plaintiffs' counsel;
>
> (h) maintaining communication and promoting efficient and harmonious dealings among all plaintiffs' counsel; and

5

(i) coordinating activities to avoid duplication and inefficiency in the filing, serving and/or implementation of pleadings, other court papers, discovery papers, and discovery practice, and, generally, in the litigation.

No motion shall be initiated or filed on behalf of any plaintiff in the Consolidated Action except through the Lead Counsel.

All plaintiffs' counsel shall keep contemporaneous time and expense records and shall provide such records upon request to the Lead Counsel.

The Lead Counsel is appointed interim lead counsel for the putative plaintiff class(es) pursuant to Rule 23(g)(2)(A) of the Federal Rules of Civil Procedure in the above-captioned cases.

## IX. SCOPE OF ORDER

The terms of this Order shall not have the effect of making any person, firm or entity a party to any action in which he, she or it has not been named, served or added as such in accordance with the Federal Rules of Civil Procedure. The terms of this Order and the consolidation ordered herein shall not constitute a waiver by any party of any claims or defenses to any action.

## X. PRELIMINARY SCHEDULE OF PROCEEDINGS

To the extent that they have not already done so, Lead Counsel and counsel for the Defendants shall confer regarding the timing of Plaintiffs' Consolidated Complaint and Defendants' response thereto, and shall submit a proposed schedule for the Court's approval.

The Consolidated Complaint shall be the operative complaint and shall supercede all complaints filed in any of the actions consolidated herein. Pending filing and service of the Consolidated Complaint, Defendants shall have no obligation to move, answer, or otherwise

respond to any of the complaints in the above-captioned actions herein or any actions subsequently consolidated with them.

Lead Counsel and defense counsel also shall confer regarding the timing and schedule for briefing of any motion by any defendants directed at the consolidated complaint and shall submit a proposed schedule for the Court's approval.

The same counsel shall further confer and propose to the Court a mutually agreeable schedule for briefing on issues related to class certification.

Dated: _____, 2007.

_____
United States District Court Judge

7

Form of Order Submitted By:

Marian P. Rosner (MR-0410)
Robert Finkel (RF-2373)
Andrew Lencyk (AL-4329)
**WOLF POPPER LLP**
845 Third Avenue
New York, New York 10022
Telephone: (212) 759-4600
Facsimile: (212) 486-2093

Robert I. Harwood, Esq. (RH-3286)
Daniella Quitt, Esq. (DQ-1963)
Samuel K Rosen (SR-3287)
**HARWOOD FEFFER LLP**
488 Madison Avenue
New York, New York 10022
Telephone: (212) 935-7400
Facsimile: (212) 753-3630

**Proposed Co-Lead Counsel for Plaintiffs**

8